**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARTHA PURVIS**                                                                        **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 3:17-cv-79-HTW-MTP**

**NANCY A. BERRYHILL**                                                              **DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiff Martha Purvis brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits and supplemental security income. This matter is now before the Court on Plaintiff's Motion for Summary Judgment [10] and Defendant's Motion to Affirm the Commissioner's Decision [16]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's decision be AFFIRMED.

### PROCEDURAL HISTORY

On August 7, 2013, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability due to chronic obstructive pulmonary disease ("COPD"), sleep apnea, bronchitis, asthma, fluid, an inability to walk without oxygen, bulging discs, hairline fracture in back, cysts on ovaries, depression, anxiety, hypertension, and high cholesterol. (Administrative Record [9] at 214-23, 240). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing. ([9] at 34-82). On December 28, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. ([9] at 14-28). On December 16, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the

1

final decision of the Commissioner. ([9] at 5-8). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his December 28, 2015, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, asthma/COPD, anxiety, depressive disorder, and dependent personality features. At step three, the ALJ found these impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([9] at 19-21).

The ALJ then examined the record and determined Plaintiff had the residual functional capacity ("RFC")[2] to perform the following:

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (is so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (is so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (is so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b)[3] except the claimant can occasionally balance, stoop, kneel, crouch and crawl. She can do no climbing of ladders, ropes or scaffolds, occasional climbing of ramps or stairs, and can have no concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, poorly ventilated areas, or chemicals. The claimant can have no concentrated exposure to extreme heat. The claimant is capable of performing simple, routine and repetitive tasks with only occasional interaction with the public, coworkers and supervisors.

([9] at 21-22).

The ALJ determined at step four that Plaintiff could not perform any past relevant work, but found at step five that jobs existed in significant numbers in the national economy that she could perform. Accordingly, the ALJ found that Plaintiff was not disabled. ([9] at 26-28).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *See* 20 C.F.R. § 404.1567(b).

3

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell*, 862 F.2d at 475. If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff raises a single issue for review: whether the ALJ failed to give due consideration to the medical opinion of one of Plaintiff's treating physicians pursuant to SSR 96-2p, 20 CFR 404.1527, and the ruling in *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). Plaintiff specifically argues that the ALJ erred by giving little weight to the opinion of a treating physician, Dr. David Moody, without considering the factors listed in 20 C.F.R. § 404.1527(c).

On October 15, 2015, Dr. Moody completed a questionnaire regarding Plaintiff's ability to perform work-related activities. According to Dr. Moody, Plaintiff was capable of lifting and carrying less than ten pounds occasionally, standing and walking for less than two hours, and sitting for less than two hours. Dr. Moody also indicated that Plaintiff would need to periodically alternate sitting, standing, walking, and lying down. When asked to list the medical findings which support these limitations, Dr. Moody responded that Plaintiff "becomes very stiff

and has leg and back pain requiring her to change position and walk around frequently." ([6] at 651-52).

Additionally, Dr. Moody indicated that Plaintiff could never twist, stoop, crouch, or climb stairs or ladders. He indicated that Plaintiff's ruptured disc disease affected her ability to reach, handle, finger, feel, push, and pull. He stated that Plaintiff had to use a cane for ambulation. He also indicated that Plaintiff should avoid certain environmental exposure, such as extreme heat and fumes, due to her COPD. ([9] at 654).

Finally, Dr. Moody indicated that Plaintiff would need to be absent from work more than three times a month and stated that she is "unable to maintain gainful employment." ([9] at 655).

The ALJ considered Dr. Moody's opinion and afforded it "little weight." The ALJ explained:

> Beyond check marks placed on a form devised by the claimant's representative, these findings are not supported by any adequate explanations or any objective clinical signs, diagnostic studies, or laboratory findings. The undersigned notes that the limitations assigned are extreme and quite restrictive in terms of the claimant's exertional limitations, but there are few objective findings to support such limitations. Dr. Moody's statements are inconsistent with the medical evidence, which reveals that the claimant reported symptom stability and control with treatment.

([9] at 26.

A treating physician's opinion on the nature and severity of a patient's impairments must be accorded controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The law, however, is clear that the ALJ has the sole responsibility of determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

A treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. *Id*. at 456. Good cause exists when the treating physician's opinions are so brief and conclusory that they lack persuasive weight, when they are not supported by medically acceptable techniques, or when the evidence supports a different conclusion. *Id*.

The regulations require the ALJ to perform a detailed analysis of a treating physician's views under the criteria set forth in 20 C.F.R. §§ 404.1527(c), 416.927(c) in the absence of controverting medical evidence from other treating and/or examining physicians. *Id*. at 453. Pursuant to 20 C.F.R. §§ 404.1527(c) and 416.927(c), the factors to be considered are the length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors.

Plaintiff does not argue that controlling weight should have been given to the opinion of Dr. Moody. *See* (Rebuttal [18] at 3). Indeed, the record demonstrates that Dr. Moody's opinion is not entitled to controlling weight as it is conclusory and inconsistent with the record as a whole and, specifically, Dr. Moody's own prior findings.

On September 10, 2015, approximately one month before he completed the questionnaire at issue, Dr. Moody found that Plaintiff had tenderness to palpation of the lumbar spine but no tenderness to the cervical or thoracic spine. He found that Plaintiff had a normal range of motion associated with her spine and extremities. He also found that Plaintiff had a normal gait. He instructed Plaintiff to take her medication, use a warm compress, and avoid heavy lifting. ([9] at 592-93). Dr. Moody made similar findings and provided similar treatment instructions in the months prior to completing the questionnaire. ([9] at 595-611). Dr. Moody's prior, consistent findings that Plaintiff did not suffer from any significant musculoskeletal issues are at odds with the extreme exertional limitations noted in the questionnaire.

6

Instead of arguing that Dr. Moody's opinion was entitled to controlling weight, Plaintiff argues that, after the ALJ declined to give Dr. Moody's opinion controlling weight, he erred by not considering the factors set forth in § 404.1527(c) prior to assigning Dr. Moody's opinion little weight. According to Plaintiff, because there is no competing opinion from another examining physician, the ALJ had to consider the factors set forth in § 404.1527(c).

The record, however, contains medical evidence from other treating physicians which controverts Dr. Moody's opinion. An ALJ is "not required to go through all six factors in 20 C.F.R. § 404.1527 in the face of competing first-hand medical evidence." *Undheim v. Barnhart*, 214 Fed. App'x. 448, 450 (5th Cir. 2007); *Rollins v. Astrue*, 464 Fed. App'x. 353, 358 ("[w]here there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor . . . is unnecessary"). Medical records from treating physician, Dr. David Gilder, show that he routinely found Plaintiff suffered from mild to moderate tenderness of the lumbar and thoracic arears of the back. On November 29, 2012, Dr. Gilder noted mild lumbar tenderness and a decreased range of motion in her right hip and neck but with minimal to no pain. ([9] at 523-24). The following month, he noted mild tenderness of the back, but no pain associated with arm and shoulder movement. ([9] at 521). In April and May of 2013, Dr. Gilder noted tenderness of the back, but found Plaintiff had normal sensation and strength. ([9] at 513-16). He referred Plaintiff to a radiologist for an MRI of her spine.

On May 23, 2013, an MRI revealed mild disc protrusion and mild degenerative changes. ([9] at 559-60). Thereafter, Dr. Gilder routinely noted that Plaintiff suffered from mild to moderate tenderness of the lumbar and thoracic areas of the back. ([9] at 483, 496-99, 508). On September 23, 2014, another MRI revealed mostly mild spinal canal narrowing, a moderate disc

7

protrusion causing mild to moderate spinal stenosis, and mild cord impingement. ([9] at 587-88). Additionally, as the ALJ pointed out, the medical treatment for Plaintiff's back pain has primarily consisted of conservative medication management, without recommendations for more aggressive treatment.

In light of this medical evidence from other treating physicians, the ALJ was not required to evaluate Dr. Moody's opinion under the factors set forth in § 404.1527(c). *See Guerra v. Colvin*, 2016 WL 1166337 (S.D. Tex. Feb. 5, 2016). This is not a case like *Newton*, where "the ALJ rejected the opinion of the treating physician based on the opinion of a non-treating, non-examining physician . . . ." *Meyer v. Barnhart*, 163 Fed. App'x. 347, 348 (5th Cir. 2006). The ALJ was free to assign Dr. Moody's opinion little or no weight upon a finding of good cause. As previously noted, the ALJ found good cause to assign the opinion little weight because it was conclusory, unsupported by objective medical findings, and inconsistent with other medical evidence, including Dr. Moody's prior notes.

Moreover, even if the ALJ had been required to consider the relevant factors prior to assigning Dr. Moody's opinion little weight, his failure to do so amounts to harmless error. "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler*, 501 F.3d at 448 (quoting *Mays*, 837 F.2d at 1364). An error may be excused and is not subject to remand where substantial evidence supports the ALJ's decision and the Plaintiff's rights have not been unduly prejudiced by the error. "The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error." *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012); *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996) ("We will not reverse the decision of an ALJ for lack of

8

substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

Plaintiff has failed to identify any factor or evidence associated with the factors which would have altered the ALJ's decision. The ALJ's written decision addressed the supportability of Dr. Moody's opinion and its consistency with the record. Additionally, the ALJ conducted a thorough review of the record evidence which included the information necessary to consider the other factors set forth in § 404.1527. Plaintiff does not argue that Dr. Moody's opinion was entitled to controlling weight and has failed to present evidence showing that the opinion should have been given weight differing from that given it by the ALJ. The record demonstrates that there is no realistic possibility that the ALJ would have reached a different conclusion had he explicitly considered the relevant factors. *See Rollins v. Astrue*, 464 Fed. App'x. 353, 358 (5th Cir. 2012) ("[t]he ALJ saw all the evidence he was required to consider under § 404.1527 . . . and it is unlikely to change his mind to look at it again."); *Bentley v. Colvin*, 2015 WL 5836029, at * (N.D. Tex. Sept. 30, 2015). Thus, remand is not appropriate.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that:

1. Plaintiff's Motion for Summary Judgment [10] be DENIED;

2. Defendant's Motion to Affirm the Commissioner's Decision [16] be GRANTED;

3. The Commissioner's final decision be AFFIRMED; and

4. This action be DISMISSED.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of January, 2018.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge